IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GEORGE PATTON NELSON, III,

        Plaintiff,

   v.

TRAYNOR, et al.,

        Defendants.

Case No. 6:18-cv-00785-JO

ORDER TO DISMISS

JONES, District Judge.

    Plaintiff, a patient at the Oregon State Hospital, purports to bring this action as a joint habeas corpus and mandamus proceeding. In a separate Order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Petition is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

///

1 - ORDER TO DISMISS

## BACKGROUND

Plaintiff appears to allege that individuals refused to mail two of his outgoing letters. He casts this as a habeas corpus problem pursuant to 28 U.S.C. §§ 2241 and 2254, but seeks mandamus relief requiring Defendants to mail all of his outgoing letters.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in

support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## **DISCUSSION**

As an initial matter, Fed. R. Civ. P. 8(a) requires a complaint in federal court to be comprised of "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e). If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (district court may dismiss an action with prejudice due to a litigant's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored).

3 - ORDER TO DISMISS

Plaintiff's Complaint consists of rambling allegations referencing allegations within a variety of exhibits. In addition, the Complaint, itself, consists of a Petition as well as photocopies of a document entitled "First Amended Complaint" with those words crossed out. It is difficult to ascertain exactly the true nature of Plaintiff's Complaint, how his allegations pertain to violations of federal law, and exactly how each Defendant personally participated in the deprivations alleged.

In addition, although Plaintiff purports to bring this as a habeas corpus case seeking mandamus relief pursuant to 28 U.S.C. § 2254, he claims to be a pretrial detainee and thus is not being held "pursuant to the judgment of a State court" as required by 28 U.S.C. § 2254. Although Plaintiff also references 28 U.S.C. § 2241 for purposes of his pretrial habeas corpus challenge, federal courts will not interfere with ongoing state criminal proceedings absent extraordinary circumstances. See *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987). Nothing in the Petition before this court demonstrates extraordinary circumstances warranting federal interference with petitioner's pending state criminal prosecution.

Finally, Plaintiff's principal claim appears to be that he is entitled to mandamus relief as to the actions of various state officials. Federal courts lack mandamus authority to direct state officials regarding the performance of their duties, and a petition for a writ of mandamus requesting such relief is frivolous as a matter of law. *Demons v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir.), *cert. denied*, 498 U.S. 1123 (1991); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 121 (1984). For all of these reasons, Plaintiff's Petition is summarily dismissed.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Petition for Writ of Habeas Corpus seeking mandamus relief (#1) is DISMISSED for failure to state a claim. Should Plaintiff wish to continue with this case, he must file an amended complaint within 30 days that: (1) cures the deficiencies identified above; (2) names all defendants in the caption of his civil rights complaint; (3) describes how each named defendant personally participated in the deprivation of a federal right; and (4) does not incorporate any other document by reference. Plaintiff is advised that failure to file an amended complaint

shall result in the dismissal of this proceeding, with prejudice.

Plaintiff's Motions to Add Documentary Evidence (#5) and (#7) are granted.

IT IS SO ORDERED.

DATED this 6 day of July, 2018.

					_____
					Robert E. Jones
					United States District Judge